UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENNY R. ESPINOZA SIRA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　　　　Respondents. | Civil Action No. 26-667 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

　　Before the Court is Petitioner Renny R. Espinoza Sira's ("Petitioner") counseled Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his potential future detention and his ongoing Immigration and Customs Enforcement ("ICE") reporting requirements. (ECF No. 1.) Petitioner also filed a Motion for a Preliminary Injunction ("PI") (ECF No. 2.)

　　According to the Petition, Petitioner is a native of Venezuela and has lived in the United States for the past three-and-one-half years. (ECF No. 1 at 2.) Petitioner submits that he was initially paroled into the country. (ECF No. 2 at 3.) Petitioner timely applied for Asylum, Withholding of Removal, and Convention Against Torture Withholding on April 17, 2023. (ECF No. 1 at 5.) Those applications remain pending. (*Id.* at 2.)

　　Petitioner has attended yearly Immigration and Customs Enforcement ("ICE") check-in appointments in August 2023, August 2024, and August 2025. (*Id.*) Petitioner submits that, without a change in circumstances, ICE changed his check-in appointments from once a year to two months, and then to monthly check-ins. (*Id.*)

Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

As noted above, Petitioner seeks a PI, requesting that the Court preliminarily enjoin Respondents from arresting and detaining Petitioner. (*See* ECF No. 2.) Federal Rule of Civil Procedure 65(a)(1) instructs that the Court "may issue a preliminary injunction only on notice to the adverse party." "As the Supreme Court has observed, 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute.'" *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020), (quoting *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). The Court finds briefing from Respondents is necessary before deciding Petitioner's motion.[1] Specifically, Respondents shall address whether Petitioner is "in custody" for the purpose of habeas relief regarding his challenge to the prospective possibility of future detention and whether a challenge to that possibility of future detention is ripe for adjudication. Accordingly

**IT IS**, on this 23rd day of January 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; it is further

---

[1] Although Petitioner's Motion is one for a PI, the Court notes that if Petitioner intended to file a motion for a temporary restraining order ("TRO'), a TRO may be entered *ex parte*, but only if the safeguards of Rule 65(b) of the Federal Rules of Civil Procedure are met. Rule 65(b)(1)(B) requires "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** <u>that within five (5) days of the date of the entry of this Order, Respondents shall file a response to Petitioner's Motion for a Preliminary Injunction (ECF No. 2)</u>; it is further

**ORDERED** <u>that within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition</u>, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, if he is detained at the time of briefing, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge