UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RENNY R. ESPINOZA SIRA,

           Petitioner,

v.

PAM BONDI, *et al.*,

           Respondents.

Civil Action No. 26-677 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

    Before the Court is Petitioner Renny R. Espinoza Sira's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his potential future detention by immigration authorities without an individualized bond hearing (ECF No. 1) and a Motion for a Preliminary Injunction. (ECF No. 2.) Respondents filed a letter response. (ECF No. 7.)

    According to the Petition, Petitioner is a native of Venezuela and has lived in the United States for the past three-and-one-half years. (ECF No. 1 at 2.) Petitioner submits that he was initially paroled into the country. (ECF No. 2 at 3.) Petitioner timely applied for Asylum, Withholding of Removal, and Convention Against Torture Withholding on April 17, 2023. (ECF No. 1 at 5.) Those applications remain pending. (*Id.* at 2.)

    Petitioner has attended yearly Immigration and Customs Enforcement ("ICE") check-in appointments in August 2023, August 2024, and August 2025. (*Id.*) Petitioner submits that, without a change in circumstances, ICE changed his check-in appointments from once a year to once every two months, and then to monthly check-ins. (*Id.*)

Petitioner seeks a preliminary injunction, enjoining Petitioner's potential future arrest and detention by Immigration and Customs Enforcement ("ICE") officers. (*See* ECF No. 2.) The Motion for a Preliminary Injunction pertains only to Petitioner's potential future arrest and detention. (*See id.*) A party "seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "[T]he moving party must establish the first two factors, and only if these gateway factors are established does the district court consider the remaining two factors." *Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (internal quotation marks omitted).

Petitioner's Motion for a Preliminary Injunction relies on the argument that Petitioner has demonstrated a likelihood of success on the merits of his claim that Respondents lack the statutory authority to mandatorily detain Petitioner or to expedite his removal. (*Id.* at 3-4.) However, Petitioner fails to provide any legal support for his position that this Court can enjoin his speculative future detention. Additionally, this Court cannot review the likelihood of success of Petitioner's claim regarding whether Respondents lack statutory authority to mandatorily detain him, as that claim is not ripe for review.

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "And courts enforce it 'through the several justiciability doctrines that cluster about Article III,' including

'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Id.* (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

At its core, ripeness works "to determine whether a party has brought an action prematurely . . . and counsels abstention until such a time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Plains All Am. Pipeline L.P.*, 866 F.3d at 539 (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)). Various concerns underpin it, including whether the parties are in a "sufficiently adversarial posture," whether the facts of the case are "sufficiently developed," and whether a party is "genuinely aggrieved." *Id.* (quoting *Peachlum*, 333 F.3d at 433-34.)

Applying the ripeness doctrine to Petitioner's Motion for Preliminary Injunction, the Court finds Petitioner's claim that Respondents lack the statutory authority to potentially arrest and mandatorily detain him in the future is premature. Petitioner's argument regarding what authority Respondents may use to detain Petitioner and whether he may be held under mandatory detention is purely speculative. The facts of this claim are not "sufficiently developed" because Petitioner has not been detained, and Petitioner only speculates regarding what authority Respondents may attempt to detain him under.

As this Court cannot review the likelihood of success of Petitioner's claim regarding whether Respondents lack statutory authority to mandatorily detain him, as that claim is not ripe for review, he cannot meet the standard for the issuance of a preliminary injunction enjoining Respondents from arresting and detaining Petitioner.

In his Petition, Petitioner indicated that he believed he faced "imminent detention" at his January 25, 2026. ICE check-in. (ECF No. 1 at 3.) Respondents informed the Court that

3

Petitioner's ICE check-in was rescheduled to February 1, 2026. (ECF No. 7 at 1, fn. 1.) According to the ICE detainee locator, Petitioner is not currently detained.[1]

It appears that Petitioner was not detained at the February 1, 2026, ICE check-in, and the Court has determined that Petitioner's claims regarding what statutory authority Respondents may detain Petitioner under are premature. As such, the Court will provide Petitioner with thirty days to inform the Court if he wishes to proceed with his due process claims regarding his ICE reporting requirements. If Petitioner chooses to proceed with the due process claims regarding his ICE reporting requirements, Petitioner shall provide the Court with supplemental briefing on those claims. Specifically, Petitioner shall provide supplemental briefing regarding (1) Petitioner's full supervision requirements; (2) how these requirements amount to "custody" for jurisdictional purposes; and (3) what authority this Court has over the Department of Homeland Security's ("DHS") decisions regarding Petitioner's supervision requirements. Accordingly

**IT IS**, on this 9th day of February 2026,

**ORDERED** that Petitioner's Motion for a Preliminary Injunction (ECF No. 2) is **DENIED without prejudice**; it is further

**ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Petitioner shall inform the Court in writing whether he wishes to proceed with the Petition as discussed above or withdraw the Petition; it is further

**ORDERED** that if Petitioner proceeds with the Petition, he shall provide the Court with supplemental briefing regarding (1) Petitioner's full supervision requirements; (2) how those requirements amount to "custody" for jurisdictional purposes; and (3) what authority this Court

---

[1] U.S. Immigrations and Customs Enforcement Detainee Locator, available at https://locator.ice.gov/odls/#/results (last visited February 5, 2026).

has over the Department of Homeland Security's ("DHS") decisions regarding Petitioner's supervision requirements; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon the parties electronically.

                                                          _____
                                                         HONORABLE JULIEN XAVIER NEALS
                                                         United States District Judge